UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| KIMBERLY DAWN WATSON, | ) | |
|---|---|---|
| Plaintiff, | ) | 1:20-CV-00355-DCLC-SKL |
| vs. | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Kimberly Dawn Watson brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The matter is currently before the Court on the Report and Recommendation of United States Magistrate Judge Susan K. Lee [Doc. 23], in which she recommends that Plaintiff's Motion for Summary Judgment [Doc. 15] be denied, the Commissioner's Motion for Summary Judgment [Doc. 20] be granted, and the decision of the Commissioner be affirmed. Plaintiff timely filed objections [Doc. 24] and the Commissioner rested her case [Doc. 25].

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). In doing so, the Court's standard of review is the same standard employed by the magistrate judge. That is, review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were applied. 42 U.S.C. § 405(g).

1

## I. Objection No. 1

Plaintiff first objects to the magistrate judge's recommendation for denial of her motion as it pertains to the ALJ's observations of Plaintiff's family. Specifically, Plaintiff argues the judicial review statute, 42 U.S.C. § 405(g), and regulatory provisions governing ALJ hearings, 20 C.F.R. §§ 404.953 and .951, require that the administrative record include all the proof considered by the ALJ in reaching a decision and "to the extent that the R&R is recommending that the rule that evidence considered in a disability claim not be included in the [r]ecord before this reviewing court there is no provision in the Act or Regulations for that proposition" [Doc. 24, pg. 1].

The magistrate judge made no such recommendation. The magistrate judge found that "the ALJ's observations actually are contained in the record" [Doc. 23, pg. 10]. The ALJ described his observations during the hearing—"while we were out in the waiting room your husband and daughter were getting off the elevator and came in and your husband was holding her by the hand." [Doc. 13, pg. 56]. This description and the follow-up questions regarding Plaintiff's daughter and the extent of assistance she requires are all contained in the administrative record, as required by the applicable statutory and regulatory provisions, and were properly considered by the ALJ.

## II. Objection No. 2

Next, Plaintiff objects to the magistrate judge's conclusions that (1) substantial evidence supports the ALJ's finding that Plaintiff's subjective complaints were inconsistent with the evidence in the record and (2) the ALJ did not commit reversable error by considering Plaintiff's failure to have recommended back surgery in making that finding. [Doc. 24, pgs. 2–3]. Specifically, Plaintiff contends the ALJ failed to properly consider the reasons why she failed to have the surgery and the "mechanical phrase that 'the ALJ considered and discussed the timeline

of Plaintiff's back surgery and her reasons for canceling it in detail'" should not "provide a talisman protecting the administrative below" [*Id.* at pg. 3].

Social Security Ruling ("SSR") 16-3p provides that the ALJ may consider whether an "individual fails to follow prescribed treatment that might improve symptoms" in deciding whether the individual's subjective complaints are inconsistent with the evidence of record. 2017 WL 5180304, at *8, (SSA Oct. 25, 2017). SSR 16-3p, however, also requires consideration of the "possible reasons [the individual] may not comply with treatment or seek treatment consistent with the degree of his or her complaints." *Id*. Contrary to Plaintiff's assertions, the ALJ considered the reasons Plaintiff failed to have the recommended surgery, along with other proof in the record that he found to be inconsistent with Plaintiff's subjective complaints.

As detailed by the magistrate judge, the ALJ considered the following: (1) Plaintiff initially declined to have the surgery due to taking on the responsibility of caring for her mother, but she offered no explanation as to why she did not reschedule the surgery following her mother's death; (2) Plaintiff provided full-time care for her mother and daughter during her period of alleged disability; (3) Plaintiff's medical exams revealed mostly normal findings; (4) Plaintiff reported her medications provided significant relief; (5) Plaintiff was able to walk her dogs; and (6) Plaintiff had a sparse work history and indicated to providers in the past that she was a stay-at-home mom for her adult handicapped child, which called into question whether her alleged disability was the reason for her unemployment [Doc. 23, pgs. 14–15].

Pursuant to 20 C.F.R. § 404.1529(c) and SSR 16-3p, 2017 WL 5180304 (SSA Oct. 25, 2017), each of the foregoing are proper considerations in determining the extent to which Plaintiff's symptoms affect her capacity to work. Moreover, the ALJ's credibility determinations regarding Plaintiff's subjective complaints are "reasonable and supported by substantial evidence"

3

because the ALJ provided "specific reasons for the finding on credibility" and those reasons are "supported by the evidence in the case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

### III. Objection No. 3

Finally, Plaintiff objects to the magistrate judge's finding that she was afforded a fair hearing despite alleged bias on the part of the ALJ [Doc. 24, pgs. 4–6]. The focus of Plaintiff's objection is the ALJ's alleged "substantive effort" during the July 2019 hearing to dissuade her from retaining counsel [*Id*. at pg. 4]. The Court must presume that the ALJ "'exercise[d] [his] power with honesty and integrity.'" *Collier v. Comm'r of Soc. Sec.*, 108 F. App'x 358, 363 (6th Cir. 2004) (quoting *Navistar Int'l Transp. Corp. v. U.S. E.P.A.*, 941 F.2d 1339, 1360 (6th Cir. 1991)). Plaintiff carries the "burden of overcoming the presumption of impartiality . . . with convincing evidence that a risk of actual bias or prejudgment is present." *Id*. (internal quotation marks and citations omitted). "[A]ny alleged prejudice . . . must be evident from the record and cannot be based on speculation or inference." *Navistar Int'l. Transp. Corp.*, 941 F.2d at 1360. Here, Plaintiff has not carried her burden of establishing that the ALJ was biased.

Despite his obvious frustration regarding Plaintiff's failure to request a postponement prior to appearing without counsel at the initial hearing, the ALJ postponed the hearing to allow her time to obtain counsel. When she appeared at the November 2019 hearing without representation, the ALJ inquired about her impairments and continued the hearing for further development of the claims, consequently allowing her more time to obtain counsel. Ultimately, Plaintiff obtained counsel prior to the final hearing in March 2020. Based on the record, Plaintiff has failed to provide "convincing evidence" of bias beyond mere "speculation or inference." *Id*. The ALJ's remarks at the July 2019 hearing do not rise to the level of "deep-seated and unequivocal

4

antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556 (1994). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display" are not enough to establish bias. *Id*. at 555–56.

Plaintiff also mentions that the ALJ "wander[ed] into the waiting area outside of court to get a look at her daughter," and "would not allow honest exploration with the vocational expert of whether real world jobs exist for a person limited as she is" [*Id*. at pgs. 5–6]. Plaintiff, however, provides no explanation as to how these actions by the ALJ deprived her a full and fair hearing. Thus, the issues have been waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quotation marks and citations omitted).

## IV. Conclusion

After thorough consideration of the Report and Recommendation and the record as a whole, including the Administrative Transcript, and for the reasons set out in the Report and Recommendation which are incorporated by reference herein, it is hereby **ORDERED** that Plaintiff's objections are **OVERRULED**, and the Report and Recommendation [Doc. 23] is **ACCEPTED** and **ADOPTED**. Plaintiff's Motion for Summary Judgment [Doc. 15] is **DENIED** and the Commissioner's Motion for Summary Judgment [Doc. 20] is **GRANTED**. A separate judgment shall enter.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge